IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES  LEGGINS                                                                                              PLAINTIFF

v.                                        Civil No.6:14-CV-06103-SOH-BAB

DR. VOWELL, ET. AL.                                                                                     DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff James Leggins pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.  ECF No. 37.

**1.  BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Ouachita River Unit.  Plaintiff's Complaint alleges delay and denial of medical care for his glaucoma, resulting in a significant loss of his vision. ECF No. 1.

Plaintiff filed his Motion for Temporary Restraining Order and Preliminary Injunction on April 30, 2015.  ECF No. 37.  He alleges Defendants Correct Care Solutions,  Nanette Vowell, and Andrea Beazley changed medications prescribed for him by his physician at the Jones Eye Institute ("JEI"). He also alleges they have refused to follow the JEI orders for him to be housed in a low light living area.  He alleges this failure to follow orders is causing discomfort, pain, and blindness.

1

He asks the Court to require Defendants to follow the orders of the JEI specialists. Defendants responded on June 19, 2015.  ECF No. 42.[1]

## 2. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors:  (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving whether a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of

---

[1] Defendants Correct Care and Beazley were terminated as parties from this lawsuit pursuant to a voluntary Motion to Dismiss filed by Plaintiff on July 10, 2015.  ECF No. 43.  The Court entered an Order on January 11, 2016 directing the Clerk to treat this Motion as a stipulation of dismissal. ECF No. 48.

prison administration." *Id.* (internal quotations omitted).

**3. DISCUSSION**

Defendant Vowell argues Dr. Morshedi of JEI only recommended a dimmer lighting environment for Plaintiff. She further argues all medications were prescribed as recommended by Dr. Morshedi, and attached medical records to support both contentions. Defendant Vowell argues Plaintiff merely disagrees with his treatment, and has not met his burden of proof regarding the requested injunctive relief.

Plaintiff's Complaint states Dr. Vowell told him "a low lighting room is not a medical necessity." ECF No. 1, p. 7. Instead, she ordered him dark glasses to wear. He further alleges he was told the Unit did not have special "shaded" areas in a grievance response. In his Memorandum of Law, he argues he is threatened with irreparable harm in that he has already lost ninety-percent of his eyesight and will lose the rest permanently if he is not treated properly. He argues the balance of hardships favors him, as the only hardship to be suffered by Defendant will consist of what they are already obligated to do by following his medical specialists' orders. He further argues he has great likelihood of success on the merits and the relief sought is in the public interest. ECF No. 38. Plaintiff did not provide any medical records from his specialist at JEI to support his Complaint or this Injunctive Request.

Plaintiff did not meet his burden of proof for this Motion for injunctive relief. Glaucoma is certainly a serious condition which will cause permanent blindness if not properly treated. However, Plaintiff has not provided any medical records to show what his JEI specialist prescribed and how Defendants failed to follow it. Other than a statement in his Complaint that there was a delay in the order processing for his artificial tear drops, Plaintiff has not identified which of his medications he has failed to receive in a proper fashion. Defendant Vowell submitted a medical record from JEI

dated March 12, 2014. This indicated he should continue the same drops. He also noted Plaintiff is light-sensitive and recommended he be changed to a darker room. ECF No. 42-1, p. 1. Based on the facts provided by Plaintiff, he was told a darker room was not possible, but was provided with dark glasses to wear. Defendant Vowell also provided a medical record dated February 4, 2015 noting a followup appointment with JEI and "changes to meds per JEI recommendations." ECF No. 42-1, p. 2. She also noted "pt has reported to JEI staff that he has not been receiving all of his ointment and drops. This has been discussed with the pt over and over. He is receiving the meds as ordered." ECF No. 42-1, p. 2.

Thus, based on the current record, it is apparent Plaintiff disagrees with how Defendants are carrying out JEI treatment recommendations. However, mere disagreement with medical treatment fails to state a claim of deliberate indifference. *See Meuir v. Greene County Jail Employees,* 487 F.3d 1115, 1118-19 (8th Cir. 2007) (an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability); *Pietrafeso v. Lawrence County, S.D.,* 452 F.3d 978, 983 (8th Cir. 2006) (showing deliberate indifference is greater than even gross negligence and requires more than mere disagreement with treatment decisions). Further, I note the medical records before the Court indicate Plaintiff is already receiving what he asks for in this Motion, namely, that the medical instructions of JEI be followed. Therefore, based on the record before it, the Court finds it is improbable that Plaintiff's denial of medical care claims will be successful on the merits.

**4.     CONCLUSION**

Accordingly, I recommend Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 37) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in**

which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **16th day of February 2016.**

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE