IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES LEGGINS                                                                    PLAINTIFF

v.                                          Case No. 6:14-cv-6103

DR. VOWELL and
MS. RAY (Nurse)                                                              DEFENDANTS

**<u>ORDER</u>**

Before the Court is the Report and Recommendation filed July 20, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 70.  Judge Bryant recommends that Defendant's Motion for Summary Judgment (ECF No. 52) be granted.  Plaintiff has responded with objections.  ECF No. 71.  The Court finds the matter ripe for consideration.

Plaintiff, an inmate of the Arkansas Department of Correction, filed this action requesting relief for an alleged deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that he received improper care and treatment for glaucoma.  Plaintiff makes specific allegations as to each Defendant.

As to Shawnta Raya, a licensed practical nurse, Plaintiff alleges that she was medically indifferent to his serious medical needs in failing to order his prescription eye drops (Dorzalamide).  The magistrate judge determined that Dr. Nannette Vowell placed the initial order for the prescription eye drops, and the eye drops were not reordered one week later as they should have been.  Based on an affidavit provided by Dr. Robert Floss,[1] the magistrate judge further determined that Nurse Ray was not involved in the process of ordering Plaintiff's

---

[1] Dr. Robert Floss was formerly employed as Regional Medical Director for Corizon, Inc., the medical care provider for inmates housed within the various units of the Arkansas Department of Correction.   Dr. Floss is currently employed by Correct Care Solutions, LLC, as Associate Regional Medical Director.  He oversees the administration of medical services at the units comprising the Arkansas Department of Correction.

medications and did not have the authority to do so.  Accordingly, the magistrate judge concluded that Defendant Ray was not the proper defendant for this claim.

In his objections, Plaintiff argues that it is a common practice for nurses to order the medication once a doctor signs off on the order.  Plaintiff's general allegation regarding the ordering of medication is not supported by evidence.  Moreover, Plaintiff fails to offer proof that, in this particular case, Dr. Vowell signed off on the medication and Nurse Ray neglected to place the order.  Plaintiff's allegation that Nurse Ray failed to order the Dorzalamide eye drops is clearly contradicted by the affidavit of Dr. Floss stating that Nurse Ray did not have the authority to place the order.  Thus, the Court agrees with the magistrate judge that Nurse Ray is not the proper defendant for this claim and is entitled to summary judgment.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) (stating that a claim of medical indifference must be brought against the individual directly responsible for a plaintiff's medical care).

Turning now to the first claim against Dr. Vowell, Plaintiff alleges that Dr. Vowell was medically indifferent to his serious medical needs in failing to implement another doctor's recommendation that Plaintiff be housed in a room with low lighting.  Plaintiff was under the care of physicians at the University of Arkansas for Medical Sciences (UAMS) Jones Eye Institute for the treatment of glaucoma.  One of these physicians had recommended that Plaintiff be placed in housing where he can dim the lighting.  Dr. Vowell noted in Plaintiff's medical records that stated security concerns prevented low light barracks or rooms for inmates.  Further, Dr. Vowell noted that low light rooming is not a necessary medical intervention but instead may

provide Plaintiff with "some symptomatic relief." ECF No. 54-6. Plaintiff was provided with a pair of dark glasses to provide a mobile dark environment for his comfort. Plaintiff, however, argues that it is not practical to wear the sunglasses while sleeping or showering. The magistrate judge determined that Plaintiff received the appropriate medical care for his light-sensitive eyes.

In his objections, Plaintiff argues that in addition to dark glasses, he should have been placed in a low-light room. The Court, however, agrees with the magistrate judge that Plaintiff received the appropriate medical care. Plaintiff merely disagrees with the treatment provided to him, and this disagreement is not actionable. *See Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (stating that a prisoner's mere difference of opinion over matters of expert medical judgement or a course of medical treatment does not rise to the level of a constitutional violation). Accordingly, Dr. Vowell is entitled to summary judgment on Plaintiff's claim that he should be housed in a low-light room.

Plaintiff's second claim against Dr. Vowell is based on her alleged failure to timely order Latanoprost eye drops. Based on evidence in the record, the magistrate judge determined that Dr. Vowell had timely ordered the eye drops. It appears that there was a delay in the administration of the eye drops to Plaintiff, but the magistrate judge determined that Dr. Vowell was not responsible for administering medicine at the facility. The magistrate judge noted that Dr. Vowell was responsible for prescribing medications, and the infirmary staff was responsible for administering medications. Thus, the magistrate judge concluded that because Dr. Vowell timely ordered the Latanoprost eye drops, she was entitled to summary judgment on this claim.

In his objections, Plaintiff simply argues that Dr. Vowell was responsible for the delay in receiving his eye drops. This argument, however, is contradicted by the evidence in the record.

Thus, the Court agrees with the magistrate judge that Dr. Vowell is entitled to summary judgment on Plaintiff's claim regarding the Latanoprost eye drops.

For the reasons stated above, based on its own de novo review, the Court overrules Defendant's objections and adopts the Report and Recommendation *in toto*. ECF No. 70. Defendants' Motion for Summary Judgment (ECF No. 52) is **GRANTED**, and all claims against Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 15th day of August, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge